**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 20-** |
| **v.** | : | **DATE FILED: 8/14/2020** |
| **EMIR SALAS** | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 2320(a)(1) (trafficking in counterfeit goods – 1 count)** |
| | : | **18 U.S.C. § 2 (aiding and abetting)** |
| | | **Notice of forfeiture** |

**I N F O R M A T I O N**

**COUNT ONE**

**(Trafficking in Counterfeit Goods)**

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1. The United States Patent and Trademark Office ("USPTO") is an agency of the United States that provides for the examination and registration of trademarks and the dissemination of trademark information. Through the registration of trademarks, the USPTO assists businesses in protecting their investments, promoting goods and services, and safeguarding consumers against confusion and deception in the marketplace. Registration of a producer's trademark on the USPTO's principal register gives notice to the world of the producer's exclusive right to use and to protect that trademark.

2. A trademark is a word, name, phrase, symbol, or device or any combination of such items, intended to identify and distinguish one producer's goods from those of other producers and to indicate the source of the goods. In short, a trademark is a brand name.

3. A counterfeit mark is: (a) a spurious mark used in connection with trafficking in goods; (b) identical with, or substantially indistinguishable from, a mark registered for those goods or services on the principal register in the USPTO and in use, whether or not the defendant knew such mark was registered; and (c) the use of which was likely to cause confusion, to cause mistake, or to deceive.

4. Pfizer, Inc. ("Pfizer"), was a United States company that had its principal place of business in New York, NY. Pfizer was the owner of several trademarks registered with the USPTO, including "Viagra." Viagra was the trade name for Pfizer, Inc.'s FDA-approved erectile dysfunction drug containing the active ingredient sildenafil citrate.

5. Eli Lilly & Company (Eli Lilly) was a United States company that had its principal place of business in Indianapolis, Indiana. Eli Lilly was the owner of several trademarks registered with the USPTO, including "Cialis." Cialis was the trade name for an FDA-approved erectile dysfunction drug manufactured by Eli Lilly that contained the active ingredient tadalafil.

6. Pfizer and Eli Lilly registered their respective trademarks on the principal register of the USPTO. Pfizer and Eli Lilly marked their products with their registered trademarks to distinguish them from their competitors' products, and to assure the public of their products' quality and authenticity. All of Pfizer's and Eli Lilly's respective trademarks were registered with the USPTO at all times relevant to this information.

7. At no time did Pfizer and Eli Lilly authorize, ratify, or acquiesce to the use of their trademarks by defendant EMIR SALAS, nor did any other person have the power to do so.

8. From in or about November, 2013 to May 2019, in Philadelphia, in the Eastern District of Pennsylvania and elsewhere, defendant

**EMIR SALAS**

intentionally trafficked, attempted to traffic, and aided and abetted the trafficking of, counterfeit goods, specifically, counterfeit Viagra® and Cialis® pills, which contained spurious marks that were identical with and substantially indistinguishable from marks that were in use and registered on the principal register in the USPTO, the use of which counterfeit marks was likely to cause confusion, to cause mistake, and to deceive, well knowing at all material times that these pills were counterfeit.

In violation of Title 18, United States Code, Sections 2320(a)(1) and 2.

**NOTICE OF FORFEITURE**

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

1. As a result of the violations of Title 18, United States Code, Sections 2320(a)(1), set forth in this information, defendant

**EMIR SALAS**

shall forfeit to the United States of America:

(a) Any article, the making or trafficking of which is, prohibited under 18 U.S.C. § 2320;

(b) Any property used, or intended to be used, in any manner or part to commit or facilitate the commission of a violation of 18 U.S.C. § 2320; and/or

(c) Any property constituting or derived from any proceeds obtained directly or indirectly as a result of the commission of a violation of 18 U.S.C. § 2320.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 2323(b) incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 2323(b).

Ronald A Sarachan for

**WILLIAM M. McSWAIN**
**UNITED STATES ATTORNEY**

*No.*__________

---

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

---

THE UNITED STATES OF AMERICA

vs.

EMIR SALAS

---

INFORMATION

18 U.S.C. § 2320(a)(1) (trafficking in counterfeit goods – 1 count)
18 U.S.C. § 2 (aiding and abetting)

---

A true bill.

_____________________________
Foreman

---

Filed in open court this ______________________day,
Of ________________A.D. 20________

_____________________________
Clerk

---

Bail, $____________

---